## JACOB H. STEWART

### *vs.*

## J. B. MURRAY.

S. executed and delivered to M. a written lease of certain lands for one year. The lease contained a provision giving the defendant the privilege of purchasing the demised premises at any time during the term upon paying a specified sum. S., in his complaint, claims that he subsequently, and from time to time, gave M. parol leases of the premises; and the defendant in his answer claims that the lease, with the above mentioned provision, was *renewed* from year to year. *Held*, that this state of facts constituted the relation of landlord and tenant between the parties, and that the expiration of the tenancy, and a proper demand being established, the plaintiff is entitled to recover possession in an action under the statute of "forcible entries and unlawful detainers." The defendant sets up as a defense, that the relation of mortgagor and mortgagee existed between himself and the plaintiff. It is not pretended that there was any written agreement between the parties except the lease before mentioned, nor that there was any fraud, mistake or surprise in its execution or acceptance. *Held*, that the instrument is not a mortgage, and that it is to be presumed to express the intentions and agreement of the parties, and that parol evidence of prior or contemporaneous understandings between the parties is not admissible to vary its terms. It not appearing that the defendant ever had title to the leased premises, nor that he was bound to pay the plaintiff the specified purchase price, nor any sum which the supposed mortgage secured, nor that he had borrowed money of him, or became indebted to him otherwise than for the rent, *Held*, that the defendant cannot be regarded as a mortgagor even if an equitable defense can be interposed in an action of this nature.

Stewart v. Murray.

This action was brought under the statute in relation to "forcible entries and unlawful detainers," before a Justice of the Peace, to recover the possession of certain premises, which it was alleged the defendant held over after the expiration of a lease and notice to quit. The Justice certified the cause to the District Court for Ramsey county, as involving the title to real estate. It appears that on the 1st day of January, 1862, a written lease of the premises in dispute was entered into by and between the plaintiff and defendant for the term of one year. This lease contained the usual covenants and agreements, and in addition thereto the following clause: "And it is hereby further understood and agreed by and between the said parties, that the said party of the second part, complying with all the covenants aforesaid, shall at any time during his said term, have the privilege to purchase from the party of the first part all the estate, right, title and interest of the party of the first part in said premises hereby leased, by paying up to said party of the first part the full amount of rent for the term aforesaid, amounting to the said sum of two hundred and fifty dollars, and also the further sum of twelve hundred dollars cash, as purchase money therefor, in hand paid at the time of said purchase." The plaintiff alleged that he subsequently gave the defendant parol leases of the premises from time to time, the last of which expired January 1st, 1866; the defendant that the written lease containing the above clause was renewed from year to year until 1865. There was no dispute that the tenancy was terminated, and that the plaintiff had demanded possession; but the defendant setting up certain matters and transactions outside of the written lease of an equitable nature, between the plaintiff and defendant, claimed that they sustained to each other the relation of mortgagor and mortgagee. On the trial the defendant offered evidence in support of this

equitable defense, which was ruled out by the Court, and he excepted to the ruling. The jury being so instructed by the Court, found a verdict for plaintiff. The defendant made a motion for a new trial, which was denied, and he appeals to this Court.

I. V. D. HEARD for Appellant.

HENRY J. HORN for Respondent.

*By the Court*—BERRY, J.—We see no occasion for disturbing the result arrived at in this case upon the trial below. The execution and delivery by the plaintiff of the written lease demising the demanded premises to the defendant for the term of one year, and containing a provision giving the defendant the privilege of purchasing the same at any time during the term, upon paying a stipulated sum, is alleged in the complaint, and admitted in the answer. The plaintiff avers that from time to time he subsequently gave the defendant parol leases of the premises, the last of which expired January 1st, 1866.

The defendant alleges in his answer that the "*instrument*" which was the written lease, with the provision before mentioned, was "*renewed*" from year to year until 1865.

It appears then upon the pleadings, that the relation of landlord and tenant existed between the parties, and there is no controversy as to the expiration of the tenancy, or as to the demand of possession by the plaintiff. This is an action brought under the statute of "forcible entries and unlawful detainers," and the object of it is to determine the right of possession, and the facts admitted, make out a case for the plaintiff, unless they are rebutted in some way. The defendant seeks to set up a defense of an equitable nature.

But admitting for the purposes of the case at bar, that he may do this in this form of action, we are of opinion that there is nothing in his defense, and that for this reason, at any rate, the testimony by which he proposed to establish it, was properly excluded by the learned judge below.

He claims that the transactions between the plaintiff and himself created the relation of mortgagor and mortgagee between them. But it is not pretended that there was any written agreement between them except the instrument before referred to, and that is certainly not a mortgage. Neither is it pretended that there was any fraud, surprise, or mistake in its execution or acceptance. It is then to be presumed that it expressed the intentions and agreements of the parties, and parol evidence of any prior or contemporaneous understanding between the parties, is not admissible to vary its terms. Neither is it pretended that the defendant ever had title to the premises, nor that he was bound in any way to pay to the plaintiff the sum stipulated in the lease as the purchase price, nor any other sum, which the supposed mortgage secured, nor that he had borrowed money of the plaintiff, or become indebted to him otherwise than for rent. Under this state of facts, we are unable to conceive how the defendant can be regarded as a mortgagor. It is not necessary to consider in detail the exceptions taken to the rulings of the court below, as the views which we express dispose of them.

The order is affirmed.